1  **David R. Flyer, Bar #100697**
   **Raquel Flyer, Bar #282248**
2  **A Professional Law Corporation**
   **4120 Birch St., Ste. 101**
3  **Newport Beach, CA 92660**
   **(949) 622-8444**
4  **(949) 622-8448 (fax)**
   DavidFlyerPLC@aol.com
5
   Attorneys for Plaintiff/Counterclaim
6  Defendant JAMES GAMES, INC.

7

8              IN THE UNITED STATE DISTRICT COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | JAMES GAMES, INC.,              ) Case No. SACV 12-0834 DOC
                                     ) (RNBx)
12 |               Plaintiff,         )
                                     ) **PLAINTIFF'S TRIAL BRIEF**
13 |     vs.                          )
                                     )
14 | HASBRO, INC.; etc., et al,      ) Courtroom 9D
                                     ) Complaint filed:   5/23/12
15 |               Defendants.        ) Trial date:       10/15/13
                                     )
16 |                                  )
   AND RELATED COUNTERCLAIMS.        )
17                                    )

18

19

20 TO THE COURT, ALL PARTIES AND COUNSEL:

21

22      Pursuant to L.R. 16-10, Plaintiff submits its Trial Brief:

23

24

25

26

27

28

PLAINTIFF'S TRIAL BRIEF
[C:\All Files\A1803\Trial Docs Compliance\Plaintiff'sTrialBriefx.wpd]    -1-

# TABLE OF CONTENTS

<u>Page No</u>.

I. OVERVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

II. LEGAL ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    1. Issue in Dispute . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    2. Liability: Doctrine of Equivalents . . . . . . . . . . . . . . . . . . . . 7
    3. Defenses to Counterclaims . . . . . . . . . . . . . . . . . . . . . . . 10
        (A) Anticipation . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
        (B) Obviousness . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    4. Opposition to Striking Testimony of Michael S. Doll . . . . . 11
    5. Damages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
    6. Abandoned Matter . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

III. CONCLUDING REMARKS . . . . . . . . . . . . . . . . . . . . . . . . . 13

TABLE OF AUTHORITIES

Page Nos.

Federal Cases:

1. *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020 (Fed.Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

2. *Alco Standard Corp. v. Tennessee Valley Authority*, 808 F.2d 1490 (Fed.Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

3. *Alloc, Inc. v. Perfo, LLC,* 2010 WL 3808977 (E.D. Wis.) . . . . . . . . . . 12

4. *Bowling v. Hasbro, Inc.,* 582 F.Supp.2d 192 (D.R.I. 2008) . . . . . . . . 13

5. *Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.,* 229 F.3d 1120 (Fed.Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

6. *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

7. *Deere & Company v. Bush Hog, LLC*, 703 F.3d 1349 (Fed.Cir. 2012) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

8. *Dolly, Inc. v. Spalding & Evenflo Companies, Inc.,* 16 F.3d 394 (Fed.Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

9. *Eli Lilly & Co. v. Teva Pharmaceuticals, USA, Inc.,* 619 F.3d 1329 (Fed.Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

10. *Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116 (S.D.N.Y. 1970) aff'd, 446 F.2d 295 (2d Cir. 1971), cert. denied, 404 U.S. 870, 92 S.Ct. 105 (1971) . . . . . . . . . . . . . . . . . . . . . . . . 12

11. *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 339 U.S. 605, 70 S.Ct. 854 (1950) . . . . . . . . . . . . . . . . . . . . . . . 8,10

12. *Intel Corporation v. U.S. International Trade Commission,* 946 F.2d 821 (Fed.Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

13. *KSR International, Co. v. Teleflex, Inc.,* 550 U.S. 398, 127 S.Ct. 1727 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

14. *McGinley v. Franklin Sports, Inc.,* 262 F.3d 1339 (Fed.Cir. 2008). . . 12

15. *Microsoft Corp. v. i4i Ltd. Partnership,* 131 S.Ct. 2238 (2011) . . . . . . 10

16. *Radio Steel & Mfg. Co. v. MTD Products, Inc.,* 731 F.2d 840 (Fed.Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

17. *Sage Products, Inc. v. Devon Industries, Inc.,* 126 F.3d 1420 (Fed.Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

PLAINTIFF'S TRIAL BRIEF
[C:\All Files\A1803\Trial Docs Compliance\Plaintiff'sTrialBriefx.wpd]    -3-

TABLE OF AUTHORITIES (Cont)

Page Nos.

Federal Cases (cont):

18. *Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.,*
    726 F.2d 724 (Fed.Cir. 1984) .................................. 10

19. *Sun Studs, Inc. v. ATA Equipment Leasing, Inc.,*
    872 F.2d 978 (Fed.Cir. 1989) ................................. 8-9

20. *Warner-Jenkinson Company, Inc. v. Hilton Davis Chemical Co.,* 520 U.S. 17, 117 S.Ct. 1040 (1997) ............ 7-8

21. *Western Union Co. v. MoneyGram Payment Systems, Inc.,*
    626 F.3d 1361 (Fed.Cir. 2010) ................................. 11

*Statutes:*

*35 U.S.C. §102* ..................................................... 10
*35 U.S.C. §282* ..................................................... 10
*35 U.S.C. §284* ..................................................... 12

*FRCP 30(b)(6)* ...................................................... 13

*FRE 704(a)* ......................................................... 12

## I. OVERVIEW

US Patent No. 6,361,048 (the '048 Patent) entitled "Game Board Apparatus and Method for Playing Same," was submitted to the USPTO on December 29, 2000, and granted to Plaintiff's assignor/inventor, James Lynn, on March 26, 2002. The '048 Patent protects an invention of a game and its rules. The game teaches strategy and risk in moving pawns across paths with discrete landing spots from start to home where the playing surface can be randomly altered.

Games are important in our society. First, they provide a vehicle for interaction between children and adults. And, second, games provide a mechanism for solving complicated tasks, including computer modeling, analyzing economic trends, fault tree analysis, or even war gaming.

The '048 Patent teaches that in a lower section, below the board surface is an actuator ("sun") gear which intermeshes with four planetary gears. When instructed to do so based on landing on a particular spot on the board's upper section or surface, the actuator gear is turned clockwise which then rotates the planetary gears counterclockwise. The planetary gears are integrally connected to the playing surface, thereby changing the paths on the surface. The first player to move all pawns from a plurality of starting areas to a corresponding ending area wins the game. There are fixed path and path altering sections. Playing safe may involve selecting a fixed path section, however, this can be a slower and longer route. Chance is also introduced by the use of a random generator, in one embodiment, a six-sided die. The players take turns moving one space or jumping to advance. Also, landing on a particular space can cause the gears to be rotated.

Similarly, the *Sorry! Spin* game has a sun gear intermeshed with four planetary gears in a lower section. A decal is affixed to each gear representing the board's upper or playing surface which contains a main track

and four home tracks.  The goal is for the players to take turns moving pawns from start to finish across the two tracks.  The tracks can be turned, based on instructions from a random generator, in this case, shuffled cards.  Movement may be by single or multiple space(s) or by jumping to advance.  Also, landing on a particular space can cause the gears to be rotated.

In the '048 Patent, there are two independent device claims (1 and 18) and one independent method/game rules claim (19).  The dependent claims which are also allegedly infringed by the Accused Product, the *Sorry! Spin* game, instruct on various restrictions, regarding counterclockwise/clockwise rotation of the gears, marginal location of the starting and finishing areas, a central holding area, and blocking positions.

## II. LEGAL ANALYSIS

### 1. Issue in Dispute:

There is a single disputed term: "fixed path section."  In the '048 Patent, both "fixed path section" and "path altering section" are required.  Defendant admits that it has a "path altering section," but denies that it has a "fixed path section," because it asserts that all paths can be moved at some point in the game.

Actually, there are two grounds for concluding that the Accused Product also has the equivalent of a fixed path section.  First, *Sorry! Spin* has a main track located above a sun gear, and four home tracks located above four planetary gears.  These tracks turn only about 10% of the time based on random card draw or landing on a particular spot on the track -- this means that the tracks do not turn 90% of the time.  Due to the infrequency of turning the sun gear, the tracks operate as "fixed path sections" during most of the game.  In fact, an entire game can be played without turning the sun gear even one time.  Since a game can be played without any turning, every path in such a game is fixed, and Defendant's claimed absence of a fixed path

section against this remote possibility of turning, is actually an insubstantial change to the '048 Patent claim element.

And, second, when the main track is turned by the sun gear, which also causes the home tracks above the planetary gears to turn, until a pawn reaches a particular spot on the track, the pawn cannot change or alter its position. In other words, the pawn revolves in a circular path which is not altered until it is allowed to move either to the next track or to home, just like riding a stationary bicycle or a hamster on a wheel. When the pawn is moving on a track before altering is permitted, then it is in a "fixed path section." All of the elements of the '048 Patent are embodied in the *Sorry! Spin* game.

Since Defendant was aware of Plaintiff's Patent, before it began manufacture and marketing of its Accused Product, any changes present in the Accused Product are in the insubstantial details such as to support liability for infringement under the doctrine of equivalents.

## 2. Liability: Doctrine of Equivalents:

The doctrine of equivalents is invoked where an accused product "performs substantially the same function in substantially the same way to achieve substantially the same result," *Intel Corporation v. U.S. International Trade Commission,* 946 F.2d 821, 832 (Fed.Cir. 1991) (DOE invoked to preclude infringement of circuitry which selectively enabled erasable programmable read-only memories). The purpose of DOE is to prevent subversion of patent claims, *Sage Products, Inc. v. Devon Industries, Inc.,* 126 F.3d 1420, 1424 (Fed.Cir. 1997) (patent of disposal container for sharp medical instruments was not infringed under DOE).

The United States Supreme Court has confirmed the continued viability of DOE to prevent infringers from profiting from the industry of others by making insubstantial changes in details, *Warner-Jenkinson Company, Inc. v. Hilton Davis Chemical Co.,* 520 U.S. 17, 117 S.Ct. 1040 (1997). The Highest

Court quoted and affirmed its earlier ruling in *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 339 U.S. 605, 608, 70 S.Ct. 854 (1950):

> What constitutes equivalency must be determined against the context of the patent, the prior art, and the particular circumstances of the case. Equivalence, in the patent law, is not the prisoner of a formula and is not an absolute to be considered in a vacuum. It does not require complete identity for every purpose and in every respect. In determining equivalents, things equal to the same thing may not be equal to each other and, by the same token, things for the most purposes different may sometimes be equivalents.

520 U.S. at 24.

It bears repeating, that even "things for the most purposes different may sometimes be equivalents." *Id.* This theme was also explained in *Dolly, Inc. v. Spalding & Evenflo Companies, Inc.,* 16 F.3d 394, 398 (Fed.Cir. 1994):

> The doctrine of equivalents does not require one-to-one correspondence between components of the accused device and the claimed invention. . . . An accused device may infringe under the doctrine of equivalents even though a combination of its components performs a function performed by a single element in the patented invention. . . . The accused device must nevertheless contain *every* limitation or its equivalent." [Emphasis in original].

Equivalency may exist when separate claim limitations are combined into a single component of an accused product. *Sun Studs, Inc. v. ATA*

*Equipment Leasing, Inc.,* 872 F.2d 978, 986 (Fed.Cir. 1989)(plaintiff argued equivalency based on the fact that 90% of the time, the taper rates were the same), overruled on the grounds that the burden of persuasion on the affirmative defense of laches was improperly allocated, *A.C. Aukerman Co. v. R.L. Chaides Construction Co.*, 960 F.2d 1020, 1039-40 (Fed.Cir. 1992).

      An equivalent device may be supplied by a single structure, *Deere & Company v. Bush Hog, LLC*, 703 F.3d 1349, 1356 (Fed.Cir. 2012) (reversing the trial court's finding that direct contact of rotary cutter was required), and stating: "The test of the equivalence of a proposed substitute for a missing element is ordinarily a factual inquiry reserved for the finder of fact." *Id.*

      Equivalency presents a question of fact. *Radio Steel & Mfg. Co. v. MTD Products, Inc.,* 731 F.2d 840, 847 (Fed.Cir. 1984). The main track and the home tracks in the *Sorry! Spin* game, can be both fixed path sections and path altering sections. A single component can contain two elements of the '048 Patent claims.

      Each element of the '048 Patent is embodied in the *Sorry! Spin* game. There is a sun gear intermeshed with four planetary gears in a lower section which gears are connected to the upper section (the playing surface with the affixed decals). There is a main track and four home tracks which rotate with the turning of the sun gear. There are plurality of starting and ending areas, where players take turns moving a single or multiple space(s) or by jumping to advance. A random generator is present in the form of a shuffled deck of cards. Landing on a particular space can cause the gears to be turned. The only element claimed not to exist in *Sorry! Spin* is a fixed path section. Under DOE, the same path on the track operates as both fixed and altering -- one path satisfies two elements. DOE confirms that there can be infringement where one route contains two elements of the patented claim.

      The bottom line is that the differences between the *Sorry! Spin* game

and the requirements of the '048 Patent are insubstantial. The *Sorry! Spin* game performs substantially the same function, in substantially the same way, to achieve substantially the same result as taught in the asserted claims of the '048 Patent. *Graver Tank & Mfg. Co. v. Linde Air Products Co.,* 339 U.S. 605, 608, 70 S.Ct. 854 (1950). Under the doctrine of equivalents, Defendant is liable for infringement. The factual question of equivalent structure should be reserved for the jury.

### 3. Defenses to Counterclaims:

#### (A) Anticipation

James Games' Patent is entitled to presumption of validity, *35 U.S.C. §282*. To overcome its burden, Hasbro must prove by clear and convincing evidence that the '048 Patent claims are anticipated under *35 U.S.C. §102, Microsoft Corp. v. i4i Ltd. Partnership,* 131 S.Ct. 2238, 2242 (2011). Hasbro must prove that all of the limitations of the claim existed in a single item of prior art, such as a patent or publication, *Id.,* and *Alco Standard Corp. v. Tennessee Valley Authority,* 808 F.2d 1490, 1496 (Fed.Cir. 1986). It is insufficient to simply show that a claim was anticipated by combining two or more items of prior art, *Studiengesellschaft Kohle, m.b.H. v. Dart Industries, Inc.,* 726 F.2d 724, 726-27 (Fed.Cir. 1984).

Further, Hasbro concedes that it will not rely on any expert to meet its heavy burden, [Docket 116, 3:14]. In no single item disclosed to date, has Hasbro shown anticipation.

#### (B) Obviousness

To prove obviousness, Hasbro's burden is to demonstrate by clear and convincing evidence that the claimed invention would have been obvious to a person of ordinary skill in the field at the time of the invention, *Eli Lilly & Co. v. Teva Pharmaceuticals, USA, Inc.,* 619 F.3d 1329, 1336 (Fed.Cir. 2010). Hasbro cannot merely show that a patent claim composed of several

1  requirements is obvious by demonstrating that each of its requirements was
2  independently known in prior art, *KSR International, Co. v. Teleflex, Inc.,* 550
3  U.S. 398, 418, 127 S.Ct. 1727 (2007).
4       Obviousness depends on: (1) the level of ordinary skill in the field of the
5  invention; (2) the scope and content of the prior art; (3) the differences
6  between the claimed invention and the prior art; and (4) secondary
7  considerations of nonobviousness. *Western Union Co. v. MoneyGram*
8  *Payment Systems, Inc.,* 626 F.3d 1361, 1369 (Fed.Cir. 2010).
9       Secondary considerations of nonobviousness include, but are not
10 limited to: (1) commercial success of a product due to the merits of the
11 claimed invention; (2) long-felt, but unresolved, need for the solution provided
12 by the claimed invention; (3) un-successful attempts by others to find the
13 solution provided by the claimed invention; (4) copying of the claimed
14 invention by others; (5) unexpected and superior results from the claimed
15 invention; and, (6) acceptance by others of the claimed invention as shown by
16 praise from others in the field of the invention. *Brown & Williamson Tobacco*
17 *Corp. v. Philip Morris, Inc.,* 229 F.3d 1120, 1129 (Fed.Cir. 2000).
18      Once again, Hasbro concedes that it will not rely on any expert to meet
19 its heavy burden, [Docket 116, 3:14]. Hasbro has not produced any
20 combination of prior art along with the motivation to combine the prior art to
21 demonstrate that each requirement of the '048 Patent was published or
22 practiced.
23      To demonstrate nonobviousness, Plaintiff anticipates introducing
24 documents showing the effort involved in reducing the '048 Patent to practice,
25 marketing of its game, and photographs and video demonstration of game
26 play of *Spingali*®.
27     **4.**    **Opposition to Striking Testimony of Michael S. Doll:**
28      Mr. Doll is a former aerospace engineer, who became a registered

patent attorney. He prosecuted the '048 Patent. His supplemental declaration regarding all of his qualifications is attached. The areas in which he is expected to give testimony and the authority for presenting such testimony, include:

(a) The development of the application which became the '048 Patent and prosecution of the application by the procedures at the USPTO, *McGinley v. Franklin Sports, Inc.,* 262 F.3d 1339, 1352 (Fed.Cir. 2008) (baseball teaching guide where patent prosecutor gave extensive testimony at the trial court), and *Alloc, Inc. v. Perfo, LLC,* 2010 WL 3808977 (E.D. Wis.);

(b) The consideration of prior art at the USPTO as listed on the face of the '048 Patent, *McGinley, supra,* 262 F.3d at 1352 (patent prosecutor testified about two cited prior art patents); and,

(c) Infringement under DOE, a doctrine with which Mr. Doll is very familiar and which he applied to the facts and data here based on his study of the *Sorry! Spin* game, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786 (1993). Mr. Doll set up the Accused Product, played the game and can certainly explain its rules.

An expert may testify as to the ultimate issue, *FRE 704(a)*. Mr. Doll has the education, training and experience necessary to aid the trier of fact in understanding the evidence, he bases his opinions on sufficient facts and reliable principles and has applied the principles to the facts of this case.

**5.     Damages**:

There is no real dispute over damages. Plaintiff is entitled to royalties, based on sales of the Accused Product during 2010 through 2012. See *35 U.S.C. §284,* and *Georgia-Pacific Corp. V. U.S. Plywood Corp.,* 318 F.Supp. 1116 (S.D.N.Y. 1970) aff'd, 446 F.2d 295 (2d Cir. 1971), cert. denied, 404 U.S. 870, 92 S.Ct. 105 (1971). Defendant is no longer offering its Accused Product for sale.

Defendant has conceded a reasonable royalty is 5% of net sales, in the testimony of its person designated most knowledgeable under *FRCP 30(b)(6)*, Michael Gray, and based on collateral estoppel, see *Bowling v. Hasbro, Inc.,* 582 F.Supp.2d 192, 206 (D.R.I. 2008). There is a stipulation to net sales of $4,878,000.00. Therefore, reasonable royalty on the lump sum is $243,900.00. Interest can be the subject of expert opinion.

**6.     Abandoned Matter**:

Plaintiff hereby abandons Claim 1 for Literal Infringement, and any claim of willfulness.

### III.   CONCLUDING REMARKS

The only factual issue for determination by the jury is whether the main track and the home tracks in the *Sorry! Spin* game operate as both fixed path and path altering sections, such that this would be an insubstantial difference for purposes of the doctrine of equivalents. Anticipation and obviousness present questions of fact, but there will be no expert presentation on the part of Hasbro.

Plaintiff expects to rely on the testimony of Michael Doll, Stephen Zamucen, CPA (or if he is unavailable due to his family medical emergency), then Will Hanson, CPA, James Lynn and the deposition testimony of Defendant's representative under *FRCP 30(b)(6)*, by Michael Gray. The key evidence comprises: the '048 Patent, the *Sorry! Spin* game, and if willfulness is reserved for the jury, then documents related to Defendant's knowledge of Plaintiff's patent before it went into production.

Respectfully submitted,

DAVID R. FLYER, A PROFESSIONAL LAW CORPORATION

Dated: October 7, 2013            By:   /s/
                                        _____
                                        David R. Flyer
                                        Raquel Flyer
                                        Attorneys for Plaintiff/Counterclaim
                                        Defendant JAMES GAMES, INC.

## PROOF OF SERVICE

I hereby certify that on October 8, 2013, I caused the foregoing document to be served via electronic mail to the addressee(s) shown below.

vito.costanzo@hklaw.com
franco.tenerelli@hklaw.com
jacob.schneider@hklaw.com
joshua.krumholz@hklaw.com

FEDERAL: I declare, under penalty of perjury under the laws of the United States of America that the foregoing is true and that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on October 8, 2013, at Newport Beach, California.

*/s/ W. Phillips*
Willa Phillips